FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIKA HENRY and DANIEL HENRY, wife and husband, K.H., a minor child, and B.H. a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF HEALTH, UMAIR A. SHAH, JESSICA TODOROVICH, ROY CALICA, and JOHN DOES 1-10,<br><br>Defendants. | No. 2:22-cv-00046-MKD<br><br>**PROTECTIVE ORDER** |

At the August 25, 2022 hearing, the Court heard argument on Plaintiffs' proposed protective order. Marshall Casey and Marcus Sweetser appeared on behalf of Plaintiffs. Jacob Brooks appeared on behalf of the Defendants.

Defendants have requested Plaintiffs' mental health and tax records and the Plaintiffs have agreed to comply with Defendants' request subject to a protective order. For the reasons stated on the record and pursuant to Federal Rule of Civil

PROTECTIVE ORDER- 1

Procedure 26(c), the Court finds good cause to issue Plaintiffs' proposed protective order.

Accordingly, the parties shall abide by the following protective order:

**PROTECTIVE ORDER**

Plaintiffs' mental health and tax records shall be marked "Confidential" and referred to herein as Confidential Information.

**1. Use of Confidential Materials**

With respect to the handling and use of Confidential Information it is agreed as follows:

1.1 Basic Principles. The Confidential Information shall be used solely for the purposes of this lawsuit and for no other purpose.  Confidential Material shall not be copied, reproduced or summarized except for the extent necessary in this lawsuit.

1.2 Disclosure of "Confidential" Information. The Parties and their counsel agree to maintain the confidentiality of the abovementioned records produced, and not to distribute or otherwise communicate such information to any person who is not a party or not representing the parties in this litigation and shall only disclose information to non-party experts or other personnel as necessary to facilitate this litigation only.  The parties, counsel for the respective parties, insurance adjusters, expert witnesses, and all non-party disclosure (including assistants and other

personnel), as recipients of any Confidential Information shall by apprised of this agreement and exercise due care with respect to storage, custody, and use of all such Confidential Information to ensure access is limited to persons authorized by this order.

If the records are marked as exhibits at deposition, the exhibits shall be sealed in an envelope marked "Confidential" at the conclusion of the deposition and shall only be accessed by legal counsel as necessary for purposes of this litigation.

The parties shall not file Confidential documents with the Court in support of a pretrial motion without first giving opposing counsel reasonable advance notice of their intent to do so and/or unless the documents are filed under seal.

Neither party will seek to introduce the documents marked "Confidential" as evidence at trial without first giving opposing counsel reasonable advance notice of their intent to do so and/or unless the documents are filed under seal; provided, however, a party may offer the documents marked "Confidential" as impeachment evidence if an expert's or party's trial testimony relating to a material issue in the case contradicts what is reflected in the records.

2. **Destruction of Material**

Except as otherwise agreed in writing by Plaintiffs, or upon order by the Court, at the conclusion of this action (whether by settlement or otherwise resolved

PROTECTIVE ORDER- 3

on the merits at trial) all Confidential Information received in written or tangible form, including copies, reproductions or other media containing such Confidential Information, shall be promptly sequestered by and returned to counsel for either of the respective parties.  Upon request, at the conclusion of this action, defense counsel shall certify that such records have been permanently deleted in all physical and electronic forms to the extent permitted by applicable legal rules.

**3. Enforceability**

Any violation of this Protective Order can trigger certain rights under Washington Civil Rules available to the witnesses and parties.

The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this case and the Court shall continue to retain jurisdiction over the Parties and recipients of the Confidential Information to enforce the terms of this Protective Order.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED August 29, 2022.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER- 4