FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIKA HENRY and DANIEL HENRY, wife and husband, K.H., a minor child, and B.H. a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UMAIR A. SHAH, JESSICA TODOROVICH, ROY CALICA, and JOHN DOES 1-10,<br><br>Defendants. | No. 2:22-cv-00046-MKD<br><br>ORDER DENYING CROSS MOTIONS FOR RECONSIDERATION<br><br>**ECF Nos. 92, 97** |

Before the Court are the parties' cross Motions for Reconsideration, ECF Nos. 92, 97. Both parties seek reconsideration of certain adverse rulings in the Court's order on summary judgment and certification, ECF No. 86. The Court permitted the parties to file response briefs, and each side has filed a response opposing the other side's Motion. ECF Nos. 101, 102, 103. The Court has reviewed the briefing and the record and is fully informed. For the reasons explained below, the Court denies both Motions.

ORDER - 1

## LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (quotation marks and emphasis omitted). A judge "must conscientiously carry out his [or her] judicial function in a case over which he [or she] is presiding." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (quoting *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960)) (quotation marks omitted). "[U]ltimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous." *Id.*

"Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments." *Ramirez v. Medtronic, Inc.*, 961 F. Supp. 2d 977, 1005 (D. Ariz. 2013) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)); *see also Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103, 1116 (S.D. Cal. 2015) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Cachil Dehe Band of Wintun Indians of Colusa Indian Comm'ty v.*

ORDER - 2

*California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) and *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Court also set forth the "cause" required for a motion for reconsideration in the Jury Trial Scheduling Order: motions to reconsider must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. ECF No. 8 at 10; *see also* ECF Nos. 35, 76, 82, 99.

## DISCUSSION

### A. Plaintiffs' Motion for Reconsideration

Plaintiffs seek reconsideration of the grant of summary judgment for Defendants on Plaintiffs' Washington common law claims for wrongful termination in violation of public policy. ECF No. 92.

First, Plaintiffs argue it was manifest error to conclude that *Sprague v. Spokane Valley Fire Department*, 409 P.3d 160 (Wash. 2018), did not constitute a recognition by the Washington courts that the First Amendment was a sufficient public policy to support a claim for wrongful termination in violation of public policy. ECF No. 92 at 2-4. The plaintiff in *Sprague* summarized his own claims as follows: "[42 U.S.C.] *§ 1983 claims for violation of Sprague's First Amendment and Fourteenth Amendment rights*, for violation of Title VII of the

ORDER - 3

Civil Rights Act, for violation of Sprague's free speech and religious freedom and equal protection rights under the Washington State Constitution, and for violation of Washington's Law [A]gainst Discrimination." Petition for Review at *9, *Sprague v. Spokane Valley Fire Dep't*, No. 333523, 2016 WL 8732248 (Wash. filed Nov. 3, 2016) (emphasis added); *see also Sprague*, 409 P.3d at 169.[1]  *Sprague* did not involve a claim under the Washington common law tort of wrongful termination in violation of public policy based on the First Amendment.  It certainly did not constitute a recognition by the Washington courts that the First Amendment, by itself, suffices to establish a sufficient public policy for the

---

[1] "[Sprague] sued under 42 U.S.C. section 1983, claiming that SVFD violated his First Amendment rights of free speech and free exercise of religion, as well as his equal protection rights under the Fourteenth Amendment.  Sprague also claimed that SVFD violated Title VII of the Civil Rights Act of 1991.  He made additional state law claims, arguing that SVFD violated his free speech rights, free exercise of religion rights, and equal protection rights under Washington State Constitution article I, sections 5, 11, and 12.  Finally, Sprague argued that SVFD discriminated against him on the basis of his religion under RCW 49.60.180 and 49.60.210." *Sprague*, 409 P.3d at 169 (footnotes omitted).

ORDER - 4

purposes of the Washington common law tort of wrongful termination in violation of public policy.

Plaintiffs argue that *Sprague* included "the clear statement that a wrongful termination was the issue on remand." ECF No. 92 at 3 (citing *Sprague*, 409 P.3d at 186). The fact that the *Sprague* court described the plaintiff's Section 1983 claim as "a wrongful termination claim based on a violation of the First Amendment" in its summary of issues on remand does not change the plaintiff's federal statutory claim into a state common law claim. *See Sprague*, 409 P.3d at 186. In that same paragraph, the Washington Supreme Court recites the standard for a Section 1983 claim for retaliation in violation of the First Amendment, citing *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). *See id. Mt. Healthy* also concerned a Section 1983 claim for violation of the First and Fourteenth Amendments. *See generally* 429 U.S. 274.

Next, Plaintiffs argue it was manifest error not to find that Article I, Sections 4 and 5 of the Washington Constitution provide a sufficiently clear public policy, absent any other legislative or judicial recognition of this policy, to support a claim for wrongful termination in violation of public policy. ECF No. 92 at 4-11. But Plaintiffs again fail to provide any cases recognizing that this tort may be based on a public policy derived solely from the federal or state Constitutions. Plaintiffs first quote from *Martin v. Gonzaga University*, 425 P.3d 837, 843 (Wash. 2018) to

ORDER - 5

argue that public policy may be established through "prior judicial decisions or constitutional, statutory, or regulatory provisions or schemes." ECF No. 92 at 5. The quote comes from the following section of *Martin*:

> First, Martin has the burden to show that his "discharge may have been motivated by reasons that contravene a clear mandate of public policy." . . . "The question of what constitutes a clear mandate of public policy is one of law" and can be established by prior judicial decisions or constitutional, statutory, or regulatory provisions or schemes. . . . Martin advocates that student safety, specifically wall padding in the basketball courts, is a clear mandate of public policy. However, we find ***no court decision, statute, or regulation that establishes such***. Martin has acknowledged that there was no policy or regulation requiring Gonzaga University to install the wall padding. ***Without roots in regulation or judicial precedent***, Martin's mere opinion that wall padding should be installed does not constitute a clear mandate of public policy.

425 P.3d at 844 (citations omitted) (emphases added). In summary, while the court quoted language from a prior decision indicating that constitutional sources could be pertinent, the court looked only for statutory, regulatory, and judicial sources of public policy in applying that rule.

Plaintiffs next cite *Danny v. Laidlaw Transit Services, Inc.*, 193 P.3d 128, 136 (Wash. 2008), acknowledging that the public policy in this case derived from constitutional and "other" sources. ECF No. 92 at 5. In *Danny*, the court held that the public policy at issue was "most clearly established in the State's legislative enactments" but also "pronounced by executive and judicial sources," without

ORDER - 6

1  mention of the impact of constitutional sources. 193 P.3d at 132. The court then

2  summarized the legislative, executive order, constitutional, and judicial

3  expressions of the public policy at issue, *see id.* at 132-37, though it devoted the

4  least amount of discussion, by far, to the constitutional grounds, *see id.* at 136.

5  Last, Plaintiffs take issue with the Court's quotation from *Rose v. Anderson

6  Hay & Grain Co.*, 358 P.3d 1139, 1142 (Wash. 2015) that the public policy must

7  be "judicially or legislatively recognized." ECF No. 92 at 6 (referencing ECF

8  No. 86 at 12 lines 12-13). As set forth in *Rose*, this language originates from

9  *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081 (Wash. 1984), the case in which

10  this tort was first recognized in Washington. *See Rose*, 358 P.3d at 1142 ("to state

11  a cause of action, the employee must plead and prove that a stated public policy,

12  either legislatively or judicially recognized, may have been contravened") (quoting

13  *Thompson*, 685 P.2d at 1089) (quotation marks omitted)). Many opinions besides

14  *Rose* have invoked this same language. *See, e.g., Baldwin v. Sisters of Providence

15  in Wash., Inc.*, 769 P.2d 298, 302 (Wash. 1989); *Bennett v. Hardy*, 784 P.2d 1258,

16  1263 (Wash. 1990); *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 821 P.2d 18, 28

17  (Wash. 1991); *Roberts v. Dudley*, 993 P.2d 901, 904 (Wash. 2000);[2] *Snyder v.*

---

19  [2] In *Roberts*, the plaintiff had argued that the relevant public policy could be found
20  in "all three" types of sources—constitutional, statutory, or judicial. 993 P.3d at

ORDER - 7

*Med. Serv. Corp. of E. Wash.*, 35 P.3d 1158, 1161 (Wash. 2001); *Becker v. Comm'ty Health Sys., Inc.*, 359 P.3d 746, 749 (Wash. 2015); *Paddock v. Port of Tacoma*, 531 P.3d 278, 285 (Wash. Ct. App. 2023).

Plaintiffs have failed to demonstrate a manifest error necessitating reconsideration of the Order granting summary judgment for Defendants on Plaintiffs' claims for Washington common law wrongful termination in violation of public policy. They do not raise any other basis warranting reconsideration. The Court denies Plaintiffs' Motion for Reconsideration.

**B. Defendants' Motion for Reconsideration**

Defendants seek reconsideration of the denial of summary judgment on qualified immunity from Plaintiffs' First Amendment retaliation claim. ECF No. 97. They contend they did, in fact, raise the fourth *Pickering* factor[3] in relation

---

905-06. The court proceeded to analyze only judicial and statutory sources. *See id.* at 906-09.

[3] In the summary judgment order, the Court referred to these as "the *Eng* factors," in reference to a Ninth Circuit case discussing the *Pickering* test. ECF No. 86 at 17 (citing *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009); *Greisen v. Hanken*, 925 F.3d 1097, 1108 (9th Cir. 2019)). Defendants call them "the *Pickering*

ORDER - 8

to the clearly-established-right portion of their qualified immunity analysis in their Motion for Summary Judgment. *Id.* at 3. Defendants also argue that the hearing transcript shows that all parties "understood the briefing to be raising both prongs two and four" of the *Pickering* test in the clearly established step of the qualified immunity test. *Id.* at 3 (citing ECF No. 90 at 17-19, 32, 41-44, 48), 6-7 (same). Defendants then argue that Plaintiffs' reliance on *Dodge v. Evergreen School District # 114*, 56 F.4th 767 (9th Cir. 2022), at oral argument failed to demonstrate clearly established law on the fourth *Pickering* factor because *Dodge* was decided after Ms. Henry's termination. *Id.* at 3, 7 (citing ECF No. 90 at 32, 42).

Defendants cite generally to the qualified immunity sections of their summary judgment motion, without identifying a specific point in the brief where they argued there was no clearly established law on the fourth *Pickering* factor. *Id.* at 3 (citing ECF No. 39 at 5-6, 9-16). The Court can find no mention of the fourth *Pickering* factor in the clearly established analysis of Defendants' motion. On the contrary, Defendants' arguments at the clearly established step of the qualified immunity test were solely focused on the second *Pickering* factor—whether Ms. Henry spoke as a private citizen or a public employee. *See* ECF No. 39 at 14-

---

factors" here. The Court adopts Defendants' terminology for clarity, where there is no meaningful difference between the terms for current purposes.

ORDER - 9

17. They argued that there was no clearly established law because Ninth Circuit precedent at the time "was clear: an individual could be perceived as a public employee due to their association with their job and the context of their speech." *Id.* (discussing *Kennedy v. Bremerton Sch. Dist.*, 991 F.3d 1004 (9th Cir. 2021)). They concluded their analysis of the clearly established step as follows:

> Based upon the Ninth Circuit's holding and the later reversal by the United States Supreme Court on ***this very question of when an outward-facing public employee is acting in their private capacity***, Ms. Henry cannot establish that the right was clearly established. Therefore, qualified immunity is appropriate here.

*Id.* at 16-17 (emphasis added).

In their response to this section of Defendants' summary judgment motion, Plaintiffs first discussed *Freitag v. Ayers*, 468 F.3d 528 (9th Cir. 2006) as a counterpoint to *Kennedy*, 991 F.3d 1004, then argued that Defendants "failed to do a reasonable investigation" into the actual or potential disruption caused by Ms. Henry's speech. ECF No. 55 at 16-18. On the latter point, Plaintiffs cited *Waters v. Churchill*, 511 U.S. 661, 678 (1994). *Id.* at 17. This suggests that Plaintiffs understood Defendants to be asserting a lack of clearly established law on both the second and fourth *Pickering* factors. But in their reply brief, Defendants maintained their focus on the second *Pickering* factor for the clearly established step, without addressing any of Plaintiffs' arguments on the fourth factor. ECF No. 66 at 6-8.

ORDER - 10

To the extent that Defendants raised the fourth *Pickering* factor in relation to the clearly established law analysis, they did so for the first time at oral argument.[4] There, Defendants contended that the undisputed facts showed a substantial disruption caused by Ms. Henry's speech, therefore no First Amendment violation occurred. ECF No. 90 at 11-19. Defendants cited *Moser v. Las Vegas Metropolitan Police Department*, 984 F.3d 900 (9th Cir. 2021), in which "there was little evidence that the offending speech had been or would be discovered." *Id.* at 13. Defendants argued that, in contrast to *Moser*, Ms. Henry's speech had

---

[4] Ordinarily, a party waives an argument by failing to raise it in the briefing and instead raising it for the first time at oral argument. *See Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*, 481 F. Supp. 3d 941, 961 n.7 (D. Ariz. 2020) (citation omitted); *Walker v. Int'l City Mgmt. Ass'n Ret. Co.*, No. C23-5488, 2024 WL 4144099, at *4 (W.D. Wash. Sept. 11, 2024). The Court only entertains this untimely argument because Plaintiffs mentioned it in their summary judgment response, *see* ECF No. 55 at 17-18, and at oral argument, *see* ECF No. 90 at 38 (citing *Waters*, 511 U.S. at 678), and now make similar arguments in opposing Defendants' Motion for Reconsideration, *see* ECF No. 102 at 4, 8 (citing *Waters*, 511 U.S. at 678).

ORDER - 11

1  been discovered and caused a disruption, therefore her termination was justified

2  under the fourth *Pickering* factor. *Id.* at 13-14.

3      The Court noted at the hearing and in the summary judgment order that there

4  were disputes of fact material to whether Ms. Henry's speech caused a disruption

5  sufficient to establish the fourth *Pickering* factor. *Id.* at 14-16; ECF No. 86 at 21-

6  22. At the summary judgment stage, factual disputes material to the qualified

7  immunity analysis must be resolved "in favor of the party asserting the injury."

8  ECF No. 86 (quoting *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir.

9  2013)). Had Defendants argued there was a lack of clearly established law on the

10 fourth *Pickering* factor, the question would have been whether it was clearly

11 established as of May 2021 that Ms. Henry's termination was unjustified under the

12 fourth *Pickering* factor where the disputed facts, if resolved in her favor, showed

13 that no actual or likely disruption resulted from her speech. Under the case

14 Defendants themselves cited in their arguments for the fourth *Pickering* factor, it

15 was clearly established by at least January 2021 that "mere speculation that an

16 employee's speech will cause disruption" is insufficient justification to justify

17 terminating that employee under the fourth *Pickering* factor. *See Moser*, 984 F.3d

18 at 909 (citing *Nichols v. Dancer*, 657 F.3d 929, 933-34 (9th Cir. 2011)); *cf. Waters*,

19 511 U.S. at 674 ("[A] government employee, like any citizen, may have a strong,

20 legitimate interest in speaking out on public matters. In many such situations the

ORDER - 12

government may have to make a substantial showing that the speech is, in fact, likely to be disruptive before it may be punished.") (citing *Rankin v. McPherson*, 483 U.S. 378, 388 (1987); *Connick v. Myers*, 461 U.S. 138, 152 (1983); *Pickering*, 391 U.S. at 569-71).

As Defendants acknowledge, the qualified immunity issue can be revisited at trial. *See* ECF No. 97 at 8-9 (citing *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011)). The appropriate place for Defendants to raise these arguments is at trial, where the fact finder may resolve disputes of material fact, not at summary judgment, let alone on a motion to reconsider a summary judgment order. The Court denies Defendants' Motion for Reconsideration.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Reconsideration, **ECF No. 92**, is **DENIED**.

2. Defendants' Motion for Reconsideration, **ECF No. 97**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED December 23, 2024.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 13